UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILDBERRY CONDOMINIUM ASSOCIATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE TRAVELERS INDEMNITY COMPANY )<br>OF AMERICA, )<br>)<br>Defendant. ) | Case No.<br><br><br><br>**JURY DEMAND** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Now comes the Plaintiff, Wildberry Condominium Association, an Illinois not-for-profit corporation, and files its Original Complaint against Defendant, The Travelers Indemnity Company of America, and states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, Wildberry Condominium Association ("Wildberry" or "Plaintiff") is a not-for-profit corporation organized under the laws of the State of Illinois.

2. Upon information and belief, The Travelers Indemnity Company of America ("Travelers" of "Defendant") is a Connecticut insurance company registered with the Illinois Department of Insurance to do business within the state of Illinois and whose headquarters is located at One Tower Square, Hartford, Connecticut 06183. Travelers may be served through its agent for service of process, Director, Illinois Department of Insurance, 320 W. Washington, Springfield, Illinois 62767.

1

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) as this matter is one between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue is proper in this jurisdictional district pursuant to 28 U.S.C. §1391(a)(2)/ §1391(b)(2) because the property that is subject to this matter is located in this district.

## CONDITIONS PRECEDENT

5. All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Defendant.

## FACTS GIVING RISE TO THE COMPLAINT

6. On or about July 30, 2017, a wind and hail-related storm damaged twenty-eight (28) buildings in a condominium complex held by Wildberry, located at 220 Green Knoll Lane, Streamwood, IL 60107 (the "Property"). The Property sustained both hail and wind damage on all buildings at the Property.

7. On July 30, 2017, and at all times relevant, Travelers insured the Property against such losses pursuant to Policy No. 680-6G511480-17-42 for the July 30, 2017 loss, with effective dates of March 20, 2017 to March 20, 2018 (hereinafter, the "Policy"). A true and correct copy of the Policy's Coverage Declarations is attached as **Exhibit A**.[1]

8. After receiving the claim, Travelers approved $150,372.31 in covered damages[2] under the Policy for roof damages on only five (5) of the buildings at the Property.

9. Since that time, Wildberry provided Travelers with photographs and additional evidence, showing that, among other things, the roofs on all twenty-eight (28) buildings at the

---

[1] Plaintiff has requested a certified and complete copy of the Policy from Travelers and will attach the same upon receipt.
[2] Measured at "replacement cost" value under the Policy.

2

Property sustained hail damage. In addition, Wildberry provided Travelers a copy of a local building ordinance in the Village of Streamwood, Illinois, which requires monolithic replacement of all roofs and siding.[3] Despite the evidence of covered damages provided by Wildberry and the code requirements, Travelers refused to increase its adjustment, and after passing the claim to multiple adjusters, became completely non-responsive.

10. On or about March 21, 2019, after failing to receive any substantive response from Travelers in furtherance of the adjustment, Wildberry submitted a Proof of Loss claiming $3,479,205.50 in damages resulting from the July 30, 2017 loss (the "POL"), along with a damage estimate detailing the necessary repairs to all twenty-eight (28) buildings at the Property.

11. Since Wildberry submitted the POL nearly eleven months ago, Travelers has passed the claim to multiple adjusters, but has provided no substantive, written communications regarding coverage.

12. Eventually, and after numerous and repeated attempts to contact Travelers, on or about December 12, 2019, Travelers emailed Wildberry's retained public adjuster and stated that, because there have been several hail storms since July 21, 2017[4], a new claim would need to be submitted.[5] However, Travelers did not provide a written denial of the claim that complies with the Illinois Administrative Code.[6]

---

[3] See Village Code 9-5-2-3D subsection R324.

[4] Notably, this date of loss is incorrect; the actual date of loss is July 30, 2017.

[5] Notwithstanding that Travelers has an incorrect date of loss, ironically, insurance carriers routinely claim that they are able to determine the dates of loss and whether certain damage is "old hail" or hail outside the policy period when it benefits them to do so. However, when the insurance carrier has a fiduciary obligation to its insured to determine if there is covered damage, they refuse a re-inspection which is necessary to make a determination of what damage occurred during the policy period.

[6] See 50 Ill. Admin. Code 919.80(d)(8)(C), which requires an insurance company, in its denial letter, to "advise the insured in writing of the number of days the period was tolled, and how many days are left before the expiration of the time to bring suit."

3

13. Given Travelers' refusal to re-inspect the Property and increase its offer, it is clear that the parties dispute the amount of the loss at the Property as a result of the July 30, 2017 loss. Consequently, on or about January 31, 2020, Wildberry's retained public adjuster sent a letter to Travelers, requesting re-inspection and, alternatively, invoking the appraisal provision contained in the Policy, which details the contractual rights and obligations of the parties when the parties dispute the amount of the loss (hereinafter, the "Appraisal Provision"). The Appraisal Provision provides, in relevant part:

> **E. PROPERTY LOSS CONDITIONS**
>
> The following conditions apply in addition to the Common Policy Conditions:
>
> **2. Appraisal**
>
> If we and you disagree on the value of the property, the amount of Net Income and operating expense or the amount of loss, either may make written demand for an appraisal of the loss. **In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction.** The appraiser will state separately the value of the property, the amount of Net Income and operating expense or the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
>     **a.** Pay its chosen appraiser; and
>     **b.** Bear the other expenses of the appraisal and umpire equally.

14. Despite Wildberry's attempt to participate in a reinspection with Travelers and, alternatively invoking the Appraisal Provision contained in the Policy, Travelers failed to respond to Wildberry's retained public adjuster, thereby necessitating the filing of this lawsuit.

## CAUSES OF ACTION

### Count 1 - Declaratory Judgment

15. Plaintiff restates and realleges all of the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

16. Pursuant to Federal Rule of Civil Procedure 57, a justiciable controversy exists between Wildberry and Travelers with respect to Travelers' Policy. Specifically, Wildberry is entitled to coverage for the loss, payment for the loss and an appraisal proceeding pursuant to said Policy.

17. Wildberry seeks the Court to declare that Wildberry is entitled to coverage under the Policy for the full extent of damages sustained as a result of the July 30, 2017 loss.

18. Wildberry further seeks the Court to: (i) declare that appraisal is the appropriate form of dispute resolution for this matter, and (ii) compel Travelers to submit the damages sustained from the July 30, 2017 loss to the appraisal process pursuant to the terms of the Policy.

19. Wildberry further seeks the Court to declare that: (i) Wildberry is entitled to payment under the Policy for the damages sustained from the July 30, 2017 loss, and (ii) the appraisal panel shall determine the amount of the loss in accordance with the Policy and Illinois law.

## Count 2 - Breach of Contract

20. Plaintiff restates and realleges all of the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

21. Travelers breached the contract of insurance it had with WIldberry.

22. Travelers breached the contract by its failure to properly investigate, adjust and pay the claim for all covered damages as required by the Policy and Illinois law.

23. As a direct result of Travelers breaching its insurance contract with Wildberry, Wildberry has suffered damages in an amount in excess of $75,000, exclusive of interests and costs, in an amount to be proven at trial.

### Count 3 - Violation of Illinois "Bad Faith" Statute[7]

24. Plaintiff restates and realleges all of the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

25. As set forth above, Travelers failed to act in good faith and has violated numerous Unfair Claims Practices, as set forth in 215 ILCS 5/155.

26. Travelers has acted in bad faith, in a vexatious manner, and unreasonably during the purported adjustment of this claim.

27. Among other things, Travelers' vexatious and unreasonable conduct includes: (i) refusing and/or failing to conduct an adequate investigation of the loss and damage, including failing to inspect the majority of the buildings; (ii) engaging in massive delays, passing the claim to multiple adjusters, and providing no substantive communication regarding coverage for nearly a year after Wildberry submitted its POL; (iii) failing and/or refusing to open coverage on all twenty-eight (28) buildings, without a full inspection, when there was obvious evidence that there was hail and wind damage on roofs that was identical to those roofs that had already been approved for replacement; (iv) failing and/or refusing to perform a re-inspection and/or properly investigate the loss and damage when Wildberry provided photographic evidence and engineering analysis to Travelers to support the claim; (v) approving repairs that directly contradict the requirements of local code and ordinance without a proper investigation of the same; and/or (vi) "low-balling" the

---

[7] See 215 ILCS 5/155

settlement value of the claim and/or underpaying the claim with the intent to deprive Wildberry of the value of their replacement cost Policy.

28. The conduct and actions of Travelers, as set forth above, was unreasonable and vexatious, which entitles Wildberry to certain extracontractual damages under Section 155 of the Illinois Insurance Code, which provides in relevant part:

> (1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for any unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:
>
>> (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
>>
>> (b) $60,000;
>>
>> (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

## **ATTORNEYS' FEES**

29. Plaintiff restates and realleges all of the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

30. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

31. Plaintiff is entitled to reasonable and necessary attorneys' fees pursuant to 215 ILCS 5/155 and such other relief as this Court deems just and proper.

## **JURY DEMAND**

32. Plaintiffs demand a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## **PRAYER**

WHEREFORE, Plaintiff, Wildberry Condominium Association, prays that upon final hearing, that it recover all damages for and against Defendant, The Travelers Indemnity Company of America, that may be reasonably established by a preponderance of evidence; that an order be entered compelling the parties to submit to appraisal their dispute over the value of the loss; and that Plaintiff be awarded attorney's fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show itself to be justly entitled.

**Dated: April 3, 2020**

        Respectfully submitted,

        **WILDBERRY CONDOMINIUM ASSOCIATION**

        By: _____s/ James P. Kenny_____
             ONE OF PLAINTIFF'S ATTORNEYS

Eric T. Green
**GREEN HODGES & GOWLAND, PLLC**
10440 N. Central Expressway, Suite 800
Dallas, Texas 75231
(800) 683-6975
eric@ghglawyers.com

James P. Kenny
**LAW OFFICES OF JAMES P. KENNY, P.C.**
135 South LaSalle St., Ste. 2200
Chicago, IL 60603
(312) 641-0700
james@kennylawfirm.com